**UNITED STATES of America,**
**Appellee,**

v.

**Willis BELL, Jr., Defendant–Appellant.**

### No. 04–0666–CR.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2004.

Laurie S. Hershey, Manhasset, New York, for Defendant–Appellant.

Jo Ann M. Navickas, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, on the brief; Carolyn Pokorny, Assistant United States Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Willis Bell, Jr., ("Bell") appeals from a final judgment of conviction entered on January 23, 2004 in the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*). Pursuant to a plea agreement, Bell pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He was sentenced to 74 months' imprisonment, a five-year term of supervised release, and a mandatory special assessment of $100.

Because we can easily dispose of this case on the merits, we decline to reach the applicability of the appeals waiver provisions of Bell's plea agreement.[1] The only claim Bell raises on appeal is a Sixth Amendment challenge to his sentence under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on the ground that the firearm enhancement made to his sentence was based on facts found by the District Court by a preponderance of the evidence. In *Mincey,* we held that *Blakely* has no application to the Guidelines "[u]nless and until the Supreme Court rules otherwise." *United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004). Accordingly, Bell's challenge is rejected.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004)

(mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

---

**1.** For that reason, the government's motion to dismiss the appeal on the grounds of the appeals waiver is DENIED.